**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Paul Young, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| All Erection & Crane Rental, Corp., Dawes | ) | |
| Rigging & Crane Rental, Inc., The | ) | Case No. A4-04-015 |
| Manitowoc Company, Inc., and Maynard | ) | |
| Steel Casting Company, | ) | |
| | ) | |
|     Defendants. | ) | |

_____

    Before the court is plaintiff's motion to compel the defendants All Erection & Crane Rentals, Corp (All Erection) and Dawes Rigging & Crane Rental, Inc. (Dawes) to produce documents. (Docket No. 78)

### I.    BACKGROUND

    The above action was commenced by the filing of a complaint in November 2003 in the United States District Court for the Eastern District of Texas. The case was transferred to this court and the court entered its first pretrial scheduling order on July 23, 2004, which contained a fact discovery cutoff date of May 1, 2005.  At the same time, trial was scheduled for September 12, 2005.

    Subsequently, the discovery schedule was amended by an order of the court dated December 6, 2004 (Docket No. 37).   At that time, the May 1, 2005, cutoff date for fact discovery was not changed.

On June 27, 2005, the court entered another order pursuant to the stipulation of the parties further revising the pretrial schedule. And, in that instance, the deadline for fact discovery was continued to July 1, 2005.

On July 1, 2005, All Erection and Dawes filed a motion for summary judgment. Shortly, thereafter, plaintiff filed a motion to amend his complaint dated July 18, 2005, seeking to add a negligence claim against All Erection and Dawes based on Dawes not properly setting the tension on the crawler track of the crane at the time of delivery and erection at the work site. From the very beginning, plaintiff's theory was that the accident was due in part to a defect in the manufacture of the track and in part to over-tensioning of the track. What plaintiff alleged in the motion to amend was that they had discovered late in the discovery process that the over-tensioning may have been the result of the tension being improperly set when the crane was erected and not just as a result of mud or other debris in the track creating the additional tension.

Also, in addition to filing the motion to amend the complaint, plaintiff's counsel moved for a continuance on July 25, 2005, seeking additional time to respond to the summary judgment motion of All Erection and Dawes. Specifically, plaintiff indicated that two expert witnesses retained by other defendants were of the opinion that over-tensioning of the tracks by Dawes was a proximate cause of the track failure. Plaintiff requested additional time to complete the depositions of these experts so that their testimony could be used in responding to the motion for summary judgment.

Pertinent to plaintiff's present motion, it appears from the record that plaintiff knew through a series of depositions taken in late 2004 and early 2005 that Dawes would adjust the tension in the tracks as necessary when the crane was first erected at the work site. Given that over-tension was believed at that point to be a possible cause, plaintiff had sufficient opportunity to explore though

fact discovery the possible causes of the over-tensioning well before July 2005, including specifically the fact that Dawes' action or inaction may have contributed to the problem. However, even putting that aside, plaintiff was aware, at least by early July 2005 (if not before), that other defendants' experts claiming that Dawes did not set the tension correctly in the first instance. Yet, when plaintiff filed his motions to amend his complaint and to extend the time period for responding to the summary judgment motion so that the deposition testimony of these other experts could be obtained, plaintiff did not also request an opportunity to do additional fact discovery.

On August 9, 2005, the court held a status conference with the parties to address the pending motions to amend the complaint and for a continuance to allow additional time to secure the expert testimony. Over the vigorous objections of All Erection and Dawes, the court granted the motions in a written order issued the same day. Since the two experts whom plaintiff wanted to depose for supplementation purposes had already been deposed by the date of the status conference, the court gave plaintiff five days to file the supplemental expert witness testimony along with a short brief pointing out the significance of the material and gave All Erection and Dawes five days after that to respond. Further, in order to mitigate All Erection's and Dawes' claims of prejudice, (1) the trial was continued to January 9, 2006, (2) All Erection and Dawes were given until September 30, 2005, to further supplement their expert testimony, (3) October 1, 2005, was established as a new date for filing any other dispositive motions, and (4) a final pretrial conference was scheduled for December 19, 2005. No change was made with respect to the deadline for fact discovery, which already had expired.

In the court's order of August 9, 2005, the court did indicate that the parties could conduct additional discovery consistent with its order, but what the court contemplated at that time was

additional discovery with respect to expert witnesses and not a new round of fact discovery that, among other things, could impact the opinions of the experts for which the disclosures were essentially complete for the plaintiff and subject to limited supplementation by Dawes and All Erection. The court also stated that, if any issues arose with respect to the additional discovery, the parties were required to contact the court and schedule a telephone conference to address the subject.

Without moving the court for an order permitting a re-opening of fact discovery (much less scheduling a telephone conference with the court to address how such a late request for additional discovery might be accomplished within a schedule that did not contemplate additional fact discovery), plaintiff served upon All Erection and Dawes a request for production of documents and other tangible things on August 22, 2005. In this discovery request, plaintiff sought production of numerous categories of documents and tangible things (including memoranda, notes, statements, photographs, etc.) related not only to the issue of the setting of the tension in the tracks, but also, more broadly, to the condition of the tracks during the time frame the crane was at the site and any inspections of the tracks or treads (including any cracks in the treads) before and after the accident.

Not surprisingly, All Erection and Dawes served a response on the plaintiff dated September 19, 2005, objecting to the demand for production of documents and tangible things on the basis that it was untimely. Again, without contacting the court for a telephone conference, plaintiff filed a written motion to compel on October 5, 2005. All Erection and Dawes filed their response opposing the motion on October 12, 2005, and plaintiff filed his reply on October 24, 2005.

**II.     DISCUSSION**

Plaintiff argues that the subject request for documents and tangible things was timely because the pretrial schedule was premised on the September 2005 trial setting and that it became inoperative

when the trial date was continued. However, as indicated by the foregoing, this simply is not the case. The court's order dated August 9, 2005, clearly indicated that the pretrial schedule remained in place subject to the changes that were made in that order. Consequently, the court agrees that the objections of All Erection and Dawes as to untimeliness are well-founded.

This being said, the preference of this court is to resolve matters on the merits whenever possible (evidenced in this case by the court's willingness to extend the time period for expert disclosure and to continue the trial). Further, the court appreciates that sometimes pretrial discovery does not go according to plan and that there can be legitimate surprises and matters that cannot be reasonably anticipated. Consequently, upon a showing of good cause, this court has granted relief outside the established schedule in appropriate cases.

However, as All Erection and Dawes correctly point out, there has to be limits if the pretrial schedules are to have any meaning. In this case, plaintiff has not adequately explained why the information he seeks now was not discovered within the agreed upon schedule ordered by the court, much less why he did not seek to re-open fact discovery back in July when the court was considering his other motions. For these reasons, the court concludes there is not good cause in this case to grant relief contrary to the discovery schedule. Also, plaintiff made no attempt to comply with the court's order that a telephone conference be scheduled to address any discovery issues.

Plaintiff also argues that the motion to compel should be granted because All Erection and Dawes should have turned over the information requested early in the case pursuant to F.R.Civ.P. 26. However, the Rule 26 obligations are not quite as expansive as plaintiff suggests. Under Rule 26(a)(1)(B), a party is obligated to turn over copies (or provide a description by categories) of any documents and tangible things that are in the possession or control of the party and "that the

disclosing party may use to support its claims or defenses," except for exclusively impeachment material. Further, a party is required to seasonably supplement this disclosure under Rule 26(e).

In this case, it remains to be seen whether All Erections and Dawes have complied with their Rule 26 obligations either with respect to the initial complaint or the amended complaint. If All Erection or Dawes seek to use documents and other material covered by Rule 26(a)(1)(B) that have not been disclosed, then the matter will be addressed at that time. In that sense, plaintiff's request for documents has put All Erection and Dawes on notice of documents and other tangible things that may be relevant to their defense (and which plaintiff is claiming it does not have) and All Erection and Dawes would be well-advised to immediately disclose any such documents they intend to use if they have not already done so.

### III.  CONCLUSION AND ORDER

Based on the foregoing, plaintiff's motion to compel filed on October 5, 2005, (Doc. No. 78) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 7th day of December, 2005.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States District Court