**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | |
|---|---|
| Paul Young, ) | |
| ) | |
| Plaintiff, ) | **ORDER DENYING PLAINTIFF'S MOTION** |
| ) | **TO EXCLUDE DEFENSE EXPERTS** |
| vs. ) | |
| ) | |
| All Erection & Crane Rental, Corp., ) | |
| Dawes Rigging & Crane Rental, ) | |
| Inc., The Manitowoc Company, ) | |
| Inc., ) | Case No. 4:04-cv-015 |
| ) | |
| Defendants. ) | |

Before the Court is the Plaintiffs' "Motion for an Order Prohibiting All Erection & Crane Corp. and Dawes Rigging & Crane Rental, Inc. from Offering Expert Opinion Testimony" filed on December 5, 2005. All Erection & Crane Rental, Corp. (All Erection) and Dawes Rigging & Crane Rental, Inc. (Dawes Rigging) have filed a response opposing the motion. For the following reasons, the motion is denied.

**I.   BACKGROUND**

On December 6, 2004, the parties filed an "Amended Joint Scheduling/Discovery Plan and Order" wherein it stated in relevant part as follows:

> Defendants shall have until March 15, 2005, to designate their retained experts by providing Plaintiff the following: name, address, telephone number; curriculum vitae; identity of all material examined in connection with work in this case; identity of any scientific literature or treatises reviewed in connection with work in this case; a report stating the expert's factual findings, all opinions held by such expert related to liability and causation issues in this case, any calculations in support of any opinions, and any scientific literature or treatise that such expert relies on as a basis for any of the stated opinions; and a listing of deposition and trial testimony given in preceding 5 years.

1

>Defendants shall have until March 1, 2005, to designate any non-retained experts on liability issues by providing Plaintiff the following: name, address, telephone number of any such person(s); and further identifying any deposition testimony that reflects the expert opinions held by such person(s).

See Docket No. 37. Magistrate Judge Charles S. Miller, Jr. signed and adopted the scheduling order that same day.

On June 15, 2005, All Erection and Dawes Rigging made the following disclosure of expert witnesses: "Defendant Dawes employees William Schneider, Richard R. Peters and Glenn Coats. Qualifications of Mr. Schneider, Mr. Peters and Mr. Coats are contained in their deposition transcripts." See Docket No. 91, Ex. "C."

By way of a Court order dated August 9, 2005, All Erection and Dawes Rigging were granted an extension until September 30, 2005, "to supplement their expert disclosures as to any additional expert testimony pertinent to the issue of excess tension in the crawler tracks allegedly caused by them." See Docket No. 62. To date, All Erection and Dawes Rigging have made no further expert disclosures.

On December 5, 2005, the Plaintiff filed the present motion contending that All Erection and Dawes Rigging have failed to comply with the expert disclosure requirements contained in Rule 26 of the Federal Rules of Civil Procedure. As a result, the Plaintiff seek to exclude any and all expert testimony that may be offered by All Erection and Dawes Rigging at the time of trial.

## II.   LEGAL DISCUSSION

Rule 26(a)(2) of the Federal Rules of Civil Procedure provides as follows:

**Disclosure of Expert Testimony.**

>(A) In addition to the disclosures required by paragraph (1), a party shall

>disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.
>
>(B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.
>
>(C) These disclosures shall be made at the times and in the sequence directed by the court. In the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party. The parties shall supplement these disclosures when required under subdivision (e)(1).

Fed. R. Civ. P. 26(a)(2). To promote the disclosure of expert witnesses, Rule 37(c) of the Federal Rules of Civil Procedure contains the following mandate: "A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1).

As outlined above, Rule 26 of the Federal Rules of Civil Procedure distinguishes between two types of experts: (1) "any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence,"[1] versus (2) "a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party

---

[1] Rules 702, 703, and 705 of the Federal Rules of Evidence each pertain to expert witnesses.

regularly involve giving expert testimony." Disclosure of the latter must be accompanied by a written report as explained under the rule, whereas disclosure of the former need not include any such report.

In the present case, All Erection and Dawes Rigging disclosed three expert witnesses: William Schneider, Richard R. Peters and Glenn Coats. Each of the witnesses is employed by either All Erection or Dawes Rigging and were referred to as employees in the initial disclosures. See Docket No. 91, Ex. "C." None of the three witnesses are retained or specially employed to provide expert testimony in the case, nor do their duties as employees of All Erection or Dawes Rigging regularly involve providing expert testimony. Following Rule 26(a)(2)(A), disclosure of these persons does not require inclusion of a written report as is suggested by the Plaintiff, and exclusion of their testimony at trial is unwarranted. See Brandt Distributing Co., Inc. v. Fed. Ins. Co., 247 F.3d 822, 825-26 (8th Cir. 2001) (explaining the application of Rule 26(a)(2)(B)). Each of the witnesses have apparently been deposed by the Plaintiff and no prejudice or surprise occurs as a result of the disclosure. The pretrial order of December 6, 2004, requires the identification of any deposition testimony that reflects the expert opinions held by such persons. As a result, the testimony of the non-retained expert/employees should be limited to the opinions offered in their depositions.

### III.   CONCLUSION

For the reasons set forth above, the Plaintiff's "Motion for an Order Prohibiting All Erection & Crane Corp. and Dawes Rigging & Crane Rental, Inc. from Offering Expert Opinion Testimony" is **DENIED** (Docket No. 91). The non-retained expert witnesses disclosed by All Erection and

Dawes Rigging will be allowed to testify at trial in conformance with the opinions expressed in their depositions.

**IT IS SO ORDERED.**

Dated this 15th day of December, 2005.

_____
Daniel L. Hovland, Chief Judge
United States District Court