**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Paul Young, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING MANITOWOC'S** |
| | ) | **MOTION TO SEVER CROSS-CLAIM** |
| vs. | ) | |
| | ) | |
| All Erection & Crane Rental, Corp., | ) | |
| Dawes Rigging & Crane Rental, | ) | |
| Inc., The Manitowoc Company, | ) | |
| Inc., | ) | Case No. 4:04-cv-015 |
| | ) | |
| Defendants. | ) | |

Before the Court is defendant Manitowoc Company, Inc's "Motion to Sever Cross-Claim" filed

on November 28, 2005.  On September 27, 2005, defendants All Erection & Crane Rental, Corp. (All

Erection) and Dawes Rigging & Crane Rental, Inc. (Dawes Rigging) filed a cross-claim against

Manitowoc Company, Inc. (Manitowoc) for indemnity.  See Docket No. 75.  As stated in that motion,

> If Dawes and All Erection are liable to Young on any pass through claims, then
> Manitowoc is liable to Dawes and All Erection for indemnity.  Additionally, if Dawes
> and All Erection have no independent liability to Young, then Dawes and All Erection
> are entitled to their costs and attorneys fees from Manitowoc, under section 28-01.3-05
> of the North Dakota Century Code, and case law interpreting that section, including
> but not limited to Kaylor v. Iseman Mobile Homes, 369 N.W.2d 101 (N.D. 1985).

> Rule 42(b) of the Federal Rules of Civil Procedure provides as follows:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials
> will be conducive to expedition and economy, may order a separate trial of any claim,
> cross-claim, counterclaim, or third-party claim, or of any separate issue or of any
> number of claims, cross-claims, counterclaims, third-party claims, or issues, always
> preserving the right of trial by jury as declared by the Seventh Amendment to the
> Constitution or as given by a statute of the United States.

It is well-established that district courts possess broad discretion to bifurcate issues for purposes of trial

under Rule 42.[1]  See O'Dell v. Hercules, Inc., 904 F.2d 1194, 1201-02 (8th Cir. 1990).

Having carefully reviewed the pleadings, the Court finds that bifurcation of the defendants'cross-claim for indemnity asserted against Manitowoc is appropriate under the circumstances.  As it stands, only the negligence claims asserted against All Erection and Dawes Rigging remain, namely, that All Erection and Dawes Rigging failed to discover and replace a defective crawler tread on the crane; and that All Erection and Dawes Rigging improperly set the tension on the crawler tracks of the crane.  See Second Amended Complaint, ¶ 14.  The factual issues pertaining to the negligence claims, i.e. duty, breach, causation, and damages, are unrelated to questions of indemnity that remain in the dispute.  The indemnity claim primarily concerns issues of statutory construction involving North Dakota law in products liability actions.  A severance of the cross-claim for indemnity would avoid any unnecessary confusion or complication of the issues at trial, and would serve the interests of judicial economy.  The cross-claim for indemnity can be addressed and resolved in a separate post-trial proceeding.  The Motion to Sever Cross-Claim filed by The Manitowoc Company is **GRANTED** (Docket No. 89).

**IT IS SO ORDERED.**

Dated this 16th day of December, 2005.

_____
Daniel L. Hovland, Chief Judge
United States District Court

---

[1]Under certain circumstances, separation of claims is also permitted under Rule 20(b) and Rule 21 of the Federal Rules of Civil Procedure.  As with Rule 42, the Court is granted wide discretion in determining whether separation of claims is appropriate under both.  See Chicago, R.I. & P.R. Co. v. Williams, 245 F.2d 397, 404 (8th Cir. 1957).