**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Paul Young, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| All Erection & Crane Rental, Corp., Dawes | ) | |
| Rigging & Crane Rental, Inc., The | ) | Case No. 4:04-cv-015 |
| Manitowoc Company, Inc., and Maynard | ) | |
| Steel Casting Company, | ) | |
| | ) | |
| Defendants. | ) | |

_____

    Before the court is the motion by Defendants All Erection & Crane Rentals, Corp. (All Erection) and Dawes Rigging & Crane Rental, Inc. (Dawes) requiring plaintiff to produce "raw data" generated by testings and evaluations conducted by Dr. Tahran and Dr. Brown.

    Dr. Tahran is a neuropsychologist who performed certain tests on the plaintiff. At this point, it is not clear to the court whether Dr. Tahran was a treating doctor or whether he was retained specifically for purposes of this litigation. In any event, the court entered an order back on June 23, 2005, to facilitate the disclosure of "raw data" from certain psychological testing of the plaintiff that, understandably, is sensitive and confidential information.

    It further appears from the material before the court that Dr. Tahran's "raw data" was shared at least with Dr. Brown, a local Bismarck neuropsychologist, who was retained by one of the settling defendants to conduct an evaluation of the plaintiff and who the court, in a most recent order, has permitted by the plaintiff to call as an expert witness since he was designated as an expert witness

by one of the of the settling defendants and the parties have had for some time a copy of his report that is dated August 8, 2005.

All Erection and Dawes have known for months that plaintiff's mental condition was at issue and the likelihood there would be testimony from an expert in this area, whether it would Dr. Tahran or someone else. Further, All Erection and Dawes have had Dr. Brown's report for some time. All Erection and Dawes have not offered sufficient explanation for why they have waited until now to address the lack of production of the "raw data" and to complain about the insufficiency of Dr. Brown's report. Further, even if Dr. Brown's report is deficient in failing to attach the raw data, the court concludes that the exclusion of Dr. Brown's testimony is too drastic a remedy under the circumstances, particularly when Dr. Brown was not subject to the control of plaintiff's attorney at the time he wrote his report and still may not be subject to his control now. See, e.g., Mems v. City of St. Paul, Dept. Of Fire and Safety, 327 F.3d 771, 779 (8th Cir. 2003); Porchia v. Design Equipment Co., a Division of Griffith Laboratories, 113 F.3d 877, 882 (8th Cir. 1997); Currier v. United Technologies Corp., 213 F.R.D. 87 (D.Me. 2003). Consequently, the motion by All Erection and Dawes (Doc. Number 95) to compel production of raw data, or in the alternative, to exclude Dr. Brown's testimony for failure of his report to attach the "raw data" is **DENIED**.

This ruling, however, does not foreclose All Erection and Dawes from obtaining the information from Dr. Brown by subpoena and the undersigned is prepared to issue an order similar to the one issued last June, or other appropriate process, to facilitate securing the data. The court will discuss this issue further with the parties at the final pretrial conference scheduled for December 19, 2005.

**IT IS SO ORDERED.**

Dated this 16th day of December, 2005.

                                      /s/ Charles S. Miller, Jr.
                                      Charles S. Miller, Jr.
                                      United States Magistrate Judge