## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
## NORTHWESTERN DIVISION

| | | |
|---|---|---|
| Paul Young, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER FOR HEARING,** |
| vs. | ) | **PRODUCTION OF DOCUMENTS,** |
| | ) | **AND PROTECTIVE ORDER** |
| All Erection & Crane Rental, Corp., Dawes | ) | |
| Rigging & Crane Rental, Inc., The | ) | Case No. 4:04-cv-015 |
| Manitowoc Company, Inc., and Maynard | ) | |
| Steel Casting Company, | ) | |
| | ) | |
| Defendants. | ) | |

Before the court is the request by defendants Dawes Rigging & Crane Rental, Inc. and All

Erection & Crane Rental, Corp. [collectively herein "Defendants"], to compel Medcenter One, Q&R

Clinic, and Dr. M.C. Brown to produce certain "raw data" test result information utilized to evaluate

the plaintiff. Because the person and entities to whom the demand for records is made are not parties

to the action, the court believes the following procedures should be utilized:

1.     The court shall hold on a hearing on December 27, 2005, at 10:00 A.M. to consider

the issue of whether Medcenter One, Q&R Clinic, and Dr. M.C. Brown should be

compelled to turnover certain of the requested information to counsel for the

Defendants. Counsel for the plaintiff may appear by telephone if he so desires, but

should notify chambers for the undersigned if he wishes to participate prior to the

hearing. In order for the court to make the necessary determinations, Medcenter One,

Q&R Clinic, and Dr. M.C. Brown will be required to produce the information to the

court on that date and time.

2.      The Attorney for the Defendants shall issue and serve upon Medcenter One, Q&R Clinic, and Dr. M.C. Brown the subpoena that will be issued by the court pursuant to this order in the manner provided by Fed.R.Civ.P. 45, including payment of any necessary fees.  The subpoena will compel production of the following material to the court:

> "Raw data" and other test results from any tests of Douglas P Young (DOB: 1/9/77) administered by Dr. Trahan or Dr. Brown that are in the possession of Dr. Brown, Medcenter One, or Q&R Clinic, including copies of any test questions or information necessary to interpret the raw data or other test results.

3.      Medcenter One, Q&R Clinic, and Dr. M.C. Brown may alternatively comply with the subpoena by providing the documents and records required to be produced directly to the attorneys for the Defendants on or before December 24, 2005, as follows:

> Patrick W. Durick or Larry L. Boschee
> Pearce & Durick
> 314 East Thayer Avenue
> Bismarck, North Dakota 58501

If the documents and records are so produced, then the document and records need not be produced to the court at the time and date specified in the subpoena.

4.      The persons and entities who are the subject of the subpoena may exercise any and all rights under Rule 45 of the Federal Rules of Civil Procedure in the event there is an objection to the production of the documents. However, if there is an objection to the production of the documents, appearance by the persons and entities to whom the subpoena is directed (or their counsel) on the time and date specified is mandatory

in order to interpose the objections and to obtain a court ruling, unless other appropriate relief is obtained from the court prior to the hearing.

Also, the documents and records produced pursuant to the subpoena ("confidential materials") shall be subject to the following restrictions:

1. After the confidential materials are produced, the attorneys for the Defendants shall cause the materials to be marked "Confidential" if the materials are not already so marked. After marking, the materials may be disseminated to anyone within the scope of paragraph 2 below subject to the terms and conditions of this Order.

2. These confidential materials, and copies thereof, and any information contained therein, shall be made available only to the following persons when needed by them in conduct of this action:

    a) The parties to this action and, in the case of corporate parties, only to their officers, directors, or employees to the extent they are assisting counsel in the conduct of this litigation.

    b) Attorneys of record in this action and their partners or associate attorneys.

    c) Any person regularly employed by such attorneys or their firms, when working in connection with this action under the direct supervision of partners or associate attorneys of said firm.

    d) Any independent expert, consultant, or similar person who has been consulted for neuropsychological expertise for the purpose of being retained, or who has been retained by counsel to provide assistance, expert advice, consultation, or testimony in this action, and the employees of such expert,

consultant, or similar person when working in connection with this action under the directsupervision of said person.

3.    These confidential materials shall be securely maintained and kept confidential, and will be used solely in connection with the preparation and trial of this action, and for no other purpose.

4.    These confidential materials may be used at depositions and at trial, and may be included with, or the contents thereof disclosed in any pleading, motion, deposition transcript, or other paper filed with the Court in furtherance of this action. In the event that any such confidential information or materials is included with, or the contents thereof are in any way disclosed by, any pleading, motion, deposition transcript, or other paper filed with the Court, such materials shall be kept confidential and under seal until further order of the Court. These confidential materials may be used as exhibits at trial without restriction, unless the attorney for the plaintiff requests other relief.

**IT IS SO ORDERED.**

Dated this 20th day of December, 2005.

_____
Charles S. Miller, Jr.
United States District Court