**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Paul Young,<br><br>Plaintiff,<br><br>vs.<br><br>All Erection & Crane Rental, Corp., Dawes Rigging & Crane Rental, Inc., The Manitowoc Company, Inc., and Maynard Steel Casting Company,<br><br>Defendants. | ) | **SUPPLEMENTAL ORDER RE DR. BROWN RECORDS**<br><br>Case No. 4:04-cv-015 |

A conference call hearing was held on December 27, 2005, to address the scope of compliance with the subpoena issued by the court on shortened notice to Medcenter One, Q&R/Clinic, and Dr. M.C. Brown. The issue was whether Medcenter One, Q&R/Clinic, and Dr. M.C. Brown should be required to produce the written questions and instructions for tests administered by Dr. Brown and who should bear the expense of gathering and producing the information if the court should order that it be produced. Medcenter One, Q&R/Clinic, and Dr. M.C. Brown had already complied with that portion of the subpoena requiring production of the "raw" data test results, and the court appreciates the diligence of these non-parties in so complying on short notice. The court understands the subpoena was served on December 22, 2005, just prior to Christmas and the "raw data" test results were assembled and produced in open court on the morning of December 27, 2005.

Medcenter One, Q&R/Clinic, and Dr. M.C. Brown objected to producing the questions and instructions, particularly on the shortened time frame for compliance, on a number of grounds including: the voluminous nature of the documents; the short notice and Dr. Brown being gone for

the holidays and not returning until a few days prior to the trial, which is scheduled to begin on January 9, 2006; the fact that the questions are standardized tests and the attorney for All Erection and Dawes could get the material from other sources; ethical concerns; and copyright concerns.

The court concluded that the ethical and copyright concerns would not trump the interests of the parties in obtaining the material for appropriate use in this litigation. However, the court agreed that the short time frame for compliance and the voluminous nature of the material were legitimate concerns along with the time and expense of having Dr. Brown assemble the material and comply with the subpoena. In weighing these concerns against (1) the fact that All Erection and Dawes could have attempted to have secured the material earlier, rather than waiting until the eve of trial and over the Christmas holiday, (2) the fact the material is standardized tests and instructions that All Erection and Dawes can obtain from other sources, including their own expert consultants, and (3) Dr. Brown not being available to start making compliance until a few days prior to the start of the trial, the court concluded that Medcenter One, Q&R/Clinic, and Dr. M.C. Brown should be excused from further compliance with the subpoena.

All Erection and Dawes further argued that Dr. Brown's testimony should be excluded for not having produced the material. The ruling of the court remains the same as the court's order of December 16, 2005, which is that any objections of defendants All Erection and Dawes to compliance with the Rule 26 requirements should have been made earlier and Dr. Brown's testimony should not be excluded on this ground. The court did accommodate the defendants by securing by the subpoena the "raw data" test results on short notice. Under the circumstances, this is as far as the court is prepared to go given the fact these issues should have been addressed earlier. Also, a factor in the court's decision (and its earlier decision of December 16, 2005), is the fact that

Dr. Brown was not retained by the plaintiff. Dr. Brown was retained by one of the settling co-defendants to conduct an IME and the control over Dr. Brown by the plaintiff is limited.

**IT IS SO ORDERED.**

Dated this 28th day of December, 2005.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge