**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | |
|---|---|
| Paul Young, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER FOLLOWING** |
| vs. ) | **FINAL PRETRIAL CONFERENCE** |
| ) | |
| All Erection & Crane Rental, Corp., Dawes ) | |
| Rigging & Crane Rental, Inc., The ) | Case No. 4:04-cv-015 |
| Manitowoc Company, Inc., and Maynard ) | |
| Steel Casting Company, ) | |
| ) | |
| Defendants. ) | |

_____

    A final pretrial conference was held by recorded telephone hearing on December 28, 2005. The parties should note the conditions placed upon the approval of the final pretrial statement that was approved by separate order today. Also, the undersigned has conferred with Judge Webb regarding several of the issues discussed during the final pretrial conference and the order of the court will be the following:

  1.  An issue was raised about the manner of presentation of testimony with respect to several of the video depositions. For several of the depositions, plaintiff's attorney wishes to present portions of the deposition in the sequence he prefers with the defendants' attorney then being permitted to present other portions of the depositions during cross-examination. Defendants's attorney objects and takes the position that the deposition testimony should be presented in the sequence set forth in the deposition. Judge Webb indicated he would permit the plaintiff to present the portions of the deposition that he wishes to present without presenting, at the same

        time, the defendants' portions but only to the extent there is a clear break in the subject matter between the portions designated by the plaintiff and the portions designated by the defendants, and the presentation otherwise makes sense. However, if there is no clear break in subject matter, the testimony should be presented together at the same time as a matter of fairness and completeness. Without having reviewed the deposition testimony, the court is not prepared at this time to provide any further guidance and encourages the parties to attempt to resolve these issues with this additional guidance.

2. An issue was raised with respect to whether the attorney for the defendants would be permitted to present portions of expert Fritsch's testimony in defendants' case-in-chief if the portions of the testimony go beyond the scope of any live testimony offered by expert Fritsch during plaintiff's case-in-chief. Judge Webb indicated that, pursuant to F.R.Evid. 611(a), defendants' counsel should be prepared to cover all subject matters with expert Fritsch when he appears live, even if those subject matters go beyond the scope of the direct presented by the plaintiff.

3. On January 11, 2006, the trial will begin at 8:30 a.m. to attempt to accommodate the scheduling concerns of the parties, and the court will endeavor to accommodate Mr. Durick's appearance before the North Dakota Supreme Court that afternoon.

4. The attorney for Manitowoc will be permitted to monitor any court conferences.

5. The parties should consult Judge Webb's Civil Trial Procedure as posted on the District's website under Judge Webb's chambers at www.ndd.uscourts.gov.

**IT IS SO ORDERED.**

Dated this 28th day of December, 2005.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge